# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICA MARIE BURT, | 1:16-cv-00533-BAM |
| Plaintiff, | ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Alicia Marie Burt ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, respectively. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge for all proceedings in this case, including entry of final judgment. (Docs. 7, 8).

1

## FACTS AND PRIOR PROCEEDINGS

On April 12, 2012, Plaintiff filed her current applications for SSI and DIB alleging disability beginning on May 31, 2011. AR 248-250.[2] Plaintiff's applications were denied initially and on reconsideration. AR 166-171, 175-180. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 181-183. On February 27, 2014, Plaintiff testified at the hearing and the ALJ issued an order denying benefits on June 9, 2014. AR 10-22. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 3-6, 7. This appeal followed.

### Hearing Testimony

ALJ Danny Pittman presided over the administrative hearing in Fresno, California. AR 28-60. Plaintiff appeared and testified with attorney Jonathan Pena. AR 39. Impartial Vocational Expert Jose Chaparro also appeared and testified. AR 30, 54-59.

At the time of the hearing, Plaintiff was thirty-four (34) years old. AR 32. She is married with four children between the ages of nineteen and twelve. AR 32. In response to questions from the ALJ, Plaintiff testified that she did not complete high school, dropping out after the ninth grade. AR 34. She no longer drives because her driver's license was suspended for overdue traffic tickets; her children provide her transportation. AR 33-34.

When asked about her work history, Plaintiff testified that she worked as an in-home childcare provider between 1999 and 2007. AR 55. Plaintiff last worked full-time in 2009 as a care giver, that job required her to do lifting, provide medications and transportation, clean and organize. AR 36. Plaintiff testified that she had to stop doing this job in 2009 because she was and is always in pain. AR 36-37.

When asked about her treatment, Plaintiff testified that she is currently on Naproxen, Vicodin, Tylenol, and Advil. AR 37. Plaintiff stated that even though she takes her medications as prescribed, they do little to control her pain. AR 37. Plaintiff experiences drowsiness and hallucinations which she believes are caused by her medication. AR 38. Plaintiff has been treated with "shots," physical

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

therapy, and she wears a brace for her back pain. AR 38-39. However, she testified that the physical therapy did nothing but worsen her back pain. AR 39. Although not prescribed, Plaintiff states that she also uses a cane daily, both indoors and outdoors, to assist her. AR 39-40.

When asked about her physical impairments, Plaintiff testified that she suffers from pain all day in her lower back, legs, numbness in her arms, and spasms in her neck. AR 41. The pain Plaintiff experiences in her back radiates in her right leg all the way down to her feet. AR 42. Furthermore, Plaintiff stated that she had recently been suffering from numbness in her hands, but she is unsure of the cause. AR 42. Plaintiff stated that these impairments affect her ability to sit for long periods of time, and that she is only able to sit for about an hour. AR 42-43. These impairments also affect her ability to stand for long periods of time, limiting her ability to stand to about thirty (30) to forty-five (45) minutes. AR 43. Plaintiff stated that she could only walk for approximately thirty (30) minutes, and she can only lift about five (5) to ten (10) pounds. AR 43. Plaintiff also testified that she has asthma, and she uses an inhaler three times a day. AR 48-49. Plaintiff testified that changes in the weather cause her to become short of breath. AR 49. However, she has not been hospitalized for her asthma since either 2008 or 2009. AR 49.

In regards to her mental health, Plaintiff testified that she is being seen by a therapist once, every two weeks. AR 40. Plaintiff states that she suffers from anxiety and depression. AR 44. For these mental health issues, Plaintiff takes Paroxetine and Almitrine. AR 43. When asked about her mental capabilities, Plaintiff testified that she has trouble remembering things, and that her husband must remind her to take her medications. AR 45. As far as concentration, Plaintiff stated that she struggles to stay focused. AR 45. Plaintiff does not have a hard time making decisions or socializing, but people do make her nervous. AR 45. This nervousness causes her to avoid people. AR 45.

On a daily basis, Plaintiff stated that she wakes up, showers, eats breakfast, goes back to bed, gets up for lunch, watches about thirty (30) minutes of TV, goes back to bed until dinner time, she then showers and goes to sleep. AR 46. As far as cooking, Plaintiff states that she tries to prepare meals, but her family has to help her because she forgets she is cooking and walks away from the stove. AR 46. Plaintiff can wash dishes and sweep on her own. AR 47. Additionally, Plaintiff pays bills and goes grocery shopping with her husband, but not alone. AR 47.

| | The ALJ asked questions in relation to Plaintiff's physical abilities in relation to an eight-hour period. AR 49-50. When asked how long she could sit for that period of time Plaintiff stated that she could sit about two hours. AR 50. Plaintiff then testified that she could walk for two hours, and for the rest of the time she would need to lie down. AR 50.

In response to questions from her attorney, Plaintiff testified that she experiences spasms throughout her neck, back, and down both legs. AR 50. Plaintiff stated that this neck pain prevents her from lifting heavy things, watching TV for extended periods of time, and doing other things because she suffers with the pain throughout the day. AR 51. Furthermore, Plaintiff stated that she suffers from migraines daily for approximately thirty (30) to forty-five (45) minutes. AR 51. Generally, Plaintiff testified that nothing helps to relieve her pain and that activity worsens it. AR 52.

Following Plaintiff's testimony, the ALJ elicited testimony from the vocational expert ("VE") Jose Chaparro who, based on the limitations adopted by the ALJ, stated Plaintiff could perform her past relevant work as a house attendant and other work as it exists in the national economy. AR 55-58.

**Medical Record**

The entire medical record was reviewed by the Court. AR 348-540. The relevant medical evidence is referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled. AR 10-27. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2011, the alleged onset date. AR 15. Further, the ALJ identified degenerative disc disease, asthma, and morbid obesity as severe impairments. AR 15-17. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 17.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry fifty (50) pounds occasionally and twenty-five (25) pounds frequently, stand and/or walk for six hours per eight-hour workday, and sit for six hours per eight-hour workday, all with normal breaks. However, Plaintiff would be limited to frequent balancing stooping, kneeling, crouching, crawling, and climbing ramps and stairs, and occasional

4

climbing ladders, ropes and scaffolds. Furthermore, she would need to avoid concentrated exposure to fumes, odors, dusts, and gases. AR18-20.

The ALJ found that with Plaintiff's age, education, work experience, and residual functional capacity that she is capable of performing her past relevant work as a home attendant, which does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity. AR 20. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 22.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or

her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[3].

In her sole issue, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for finding her subjective symptom testimony lacked credibility. (Doc. 19 at 3-12).

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004), First, the claimant must produce objective medical evidence of his or her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only if the ALJ makes specific findings and provides clear and convincing reasons for doing so. *Id.* The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."). Factors an ALJ may consider include: (1) the claimant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

At the first step of the analysis, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 19. At the second

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

step, however, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.

In his analysis, the ALJ weighed Plaintiff's credibility as follows:

> I give little weight to the claimant's subjective complaints and described physical limitations in light of [her] inconsistencies [], and because they are not entirely supported by the medical evidence of record. For example, the claimant has had little treatment for back pain and there have been minimal findings on physical examinations and diagnostic studies, as discussed above. Only conservative treatment with home therapy and medication has been recommended, and the claimant reported improvement with physical therapy. The claimant has had no treatment for neck or upper extremity complaints, and a neck x-ray only showed lordosis, [], and the claimant has not had any treatment for headaches or asthma since alleged onset date. Regarding the claimant's mental condition, she admitted medications help. She alleged problems with memory and concentration. However, as discussed above in Finding 2, the mental status examination of the psychiatric consultative examiner indicated no impairment in these areas. For these reasons, the claimant's allegations of disability are not entirely credible.

AR 20.

In finding that Plaintiff's subjective complaints were less than fully credible; the ALJ provided at least three clear and convincing reasons as follows. First, the ALJ discounted Plaintiff's credibility because of the inconsistency between her testimony and her prior statements as evidenced by record. AR 19. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (when evaluating credibility, ALJ may consider "inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct"). The ALJ identified that Plaintiff testified at the administrative hearing that physical therapy made her pain worse, yet Plaintiff reported to her physical therapist that physical therapy had improved her symptoms by 30 percent. AR 19, 39, 458. The ALJ also noted that while Plaintiff testified that she was treated with "shots," there was no corresponding medical evidence demonstrating that she received pain injections. AR 19. Indeed, as the ALJ noted, her pain physician, Dr. Grandhe, declined to treat her symptoms and instead suggested that Plaintiff try at-home therapy. AR 19. Given these discrepancies, the ALJ could reasonably conclude that Plaintiff's statements were not entirely reliable. *See Alonzo v. Colvin*, 2015 U.S. Dist. LEXIS 122298, 2015 WL 5358151 at *17 (E.D. Cal. Sept. 11, 2015) (one inconsistent statement "comprised a clear and convincing reason to discount Plaintiff's credibility").

Second, the ALJ noted that the objective medical evidence in the record did not support Plaintiff's subjectively disabling physical symptoms. AR 19, 20. Although a lack of medical evidence cannot form the sole basis for discounting symptom testimony, "it is a factor that the ALJ can consider in [his] credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Morgan v. Comm'r*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may consider inconsistencies between medical evidence and claimant's testimony of disabling restrictions). Specifically, the ALJ noted that despite Plaintiff's testimony alleging chronically limiting neck pain, there was nothing in the medical records to corroborate Plaintiff's allegations that she had pain in her neck and upper arms. AR 19, 41; *see generally* AR 348-540. The only mention of Plaintiff's neck pain was a treatment provider reporting tenderness in her neck on one occasion. AR 431.

Moreover, the ALJ found the overall lack of objective evidence troubling. The ALJ noted that there were only sparse amounts of diagnostic evidence demonstrating that Plaintiff sought out or received treatment for her alleged impairments. AR 19-20. Since her alleged disability onset date, Plaintiff received very little treatment, her x-rays were negative, an MRI showed a 1 mm protrusion, which Dr. Grande indicated disqualified her for pain treatment and while Plaintiff demonstrated a history of asthma, she had "no chest x-rays, pulmonary function tests, or indication of emergency room visits for asthma exacerbations in the medical evidence of record." AR 19. It was not error for the ALJ to conclude that the lack of objective medical evidence supported the conclusion that Plaintiff's subjective complaints of disabling pain were not entirely credible.

Third, the ALJ permissibly gave less weight to Plaintiff's testimony of both physical and mental disability based on her conservative treatment. This was an additional clear and convincing reason to discount Plaintiff's credibility as the Ninth Circuit is clear that an ALJ may permissibly consider a claimant's conservative treatment in making an adverse credibility determination. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Burch*, 400 F.3d at 681. The ALJ noted that despite her disabling complaints, Plaintiff's treatment consisted of physical therapy, and in-home therapy to treat her symptoms which belied a disabling condition. AR 18, 20; *see, e.g.* AR 445 (Dr. Grandhe recommended home therapy program (mild massages, warm packs, pain cream and medications for treatment); *see generally* AR 349-367, 418-424 (physical therapy), 369-381, 396-400, 432

8

(prescription and adjustment of medications)). Thus, the ALJ properly considered Plaintiff's conservative treatment. And when he did so, the ALJ's adverse credibility finding based on her conservative treatment was supported by the medical opinion evidence in the record, as well as the sparse medical record.

Further, the ALJ indicated that, in some instances, Plaintiff's conservative treatment measures ameliorated her symptoms. *See, e.g.*, AR 19, 458 (Plaintiff reported to physical therapist there was improvement of her symptoms by 30 percent improvement); AR 44 (Plaintiff's testimony that medications helped her depression and anxiety), AR 51 (Plaintiff's testimony that her medications helped her migraine headaches)). This was additional evidence undermining Plaintiff's credibility. *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]").

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence in concluding Plaintiff's subjective symptom testimony was not credible. The ALJ identified what testimony he found lacked credibility and the corresponding evidence that undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas,* 278 F.3d at 959. Further, even if some of the reasons provided could be found inadequate, there are sufficient reasons provided to support the credibility determination. *See Batson*, 359 F.3d at 1197 (9th Cir. 2004). Accordingly, the ALJ's credibility findings are free of reversible error.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Alicia Marie Burt.

IT IS SO ORDERED.

Dated: **September 19, 2017**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE